[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AND JUDGMENT OF DISSOLUTION OF MARRIAGE
The parties marriage ended, all but legally, when the plaintiff husband left the family home. Prior to that departure some discord occurred because of the plaintiff's dissatisfaction CT Page 7717 with the manner of the defendant's spending and the defendant's unhappiness with the amount of time the plaintiff spent away from the family home in business and automobile hobby pursuits.
The parties have been married about ten years. The defendant has developed arthritic problems. The plaintiff is in good health but unable to do as much physically as in younger years. Neither the plaintiff or defendant have post secondary education but each has earned a substantial living, the defendant with the telephone company; the plaintiff as a self employed auto body specialist. Each party is in their early forties. The defendant's employer has been sold to a larger company and her employment situation is less secure than the plaintiff's self employment. The defendant makes about $45,000 per year and the plaintiff shows about $35,000 worth of income on his affidavit. Since, however, the plaintiff shows as business expenses items which are actually income draws, that income should be adjusted upwards by approximately $5,000 per year. Because he also does not show on his affidavit monies derived from selling cars, of which he has bought and sold several hundred over the years, the court finds his income should reasonably be adjusted upwards by at least another $5,000 annually for that venture since he has that additional earning capacity.
It is worth noting that after marriage the plaintiff has developed his own auto body business which itself has value. He also has a $3500.00 I.R.A., owns several automobiles, and auto body tools, all of which have value. He was able to transfer several thousand dollars out of his checking account balance. On the other hand, the defendant's assets have not increased as substantially from the date of the marriage.
The defendant will need to continue to keep and maintain the family home for the couple's young children. That home was bought principally with her personal funds derived from a condominium sale, although the defendant put sweat equity into the premises as well as approximately $14,000 cash for air conditioning, driveway and hard wood floors, some of the funds for which were derived from gifts from his parents.
The plaintiff will now need to purchase his own medical insurance once the divorce is granted.
The plaintiff is paying child support for a son from a prior marriage in the amount of $147.50 per week. CT Page 7718
The parties are principally at issue over the disposition of their real property and the amount of child support to be paid by the plaintiff to the defendant and whether custody should be joint or solely in the defendant mother.
This action, by writ, and complaint, claiming a dissolution of marriage of the parties and other relief, as on file, came to this Court on August 18, 1998 and then to later dates when the defendant appeared and the action was claimed for the family relations list when the plaintiff appeared to prosecute for a dissolution of the marriage and the defendant appeared and was heard.
The Court, having heard the evidence finds the following:
 1. The wife, by the name of Joanne Emilia Neimann, was lawfully married to the husband on March 24, 1988 at North Branford, Connecticut.
 2. Each party has resided continuously in this State twelve months next before the date of the filing of the complaint or next preceding the date of this decree.
 3. This marriage has broken down irretrievably and there is no possibility of reconciliation.
 4. Only the following minor children have been born to the wife since the date of the marriage, all of whom are the lawful issue of the parties hereto:
 Mathew Perini, born 9/10/88; Daniel Perini, born 9/10/88; and Alexander Perini, born 8/2/93. No other children have been born to the wife since the date of the marriage. The Court finds that whatever their personal differences, the plaintiff and the defendant both love and have great interest in the well being of their three children.
 5. Neither of the parties is receiving financial support from the State of Connecticut or any municipality thereof.
 6. Custody of the minor children shall be joint legal CT Page 7719 custody with the primary residence with the defendant mother and reasonable visitation with the plaintiff father. Subject to the holiday schedule, that reasonable visitation shall include Thursdays from five thirty p. m. to nine p. m. Additionally, he shall have such visitation on alternate Fridays from five thirty p. m. overnight through Saturday at 7:30 a.m. On the alternate weekend where Friday visitation is not exercised, visitation will occur on Saturdays from five p. m. overnight through Sunday at 8:00 a.m.
Holiday visitation shall be as follows.
 The following holidays will be spent exclusively with the defendant mother:
New Year's Day
Mother's Day
 Father's Day will be spent exclusively with the plaintiff father.
 The following holidays will alternate yearly commencing with the following parent and year.
 The plaintiff father shall have visitation first on the following holidays on alternate years thereafter:
New Year's Eve — 1999
July 3, 1:00 p. m. overnight to 8:00 a.m. July 4th
Memorial Day — 2000
 The defendant mother shall continue custody on the following holidays but the plaintiff father shall have visitation on the same date one year later and in alternate years thereafter.
July 4, — 1999
Martin Luther King Day — 2000
Columbus Day — 1999 CT Page 7720
 Christmas Eve — (3:00pm-9:00pm father' s visitation in 2000)
 The plaintiff father shall have visitation on alternate years commencing on the following holidays
Labor Day-1999
Veteran's Day — 1999
Thanksgiving Day 10:00 am — 7 pm -1999
 Easter — 11:00 am overnight till Monday morning with father to bring children to school
Christmas Day — 11:00 am to 9:00 pm 1999
 In alternate years if Christmas falls on a Sunday overnight visitation to 7:00 pm Monday.
 The plaintiff shall also have the children for one entire week in the summer at a time mutually convenient to the plaintiff and defendant. The plaintiff shall exercise visitation on all days and at those times specified, unless emergencies or health disabilities prevent his doing so. If so prevented from the exercise of visitation, the defendant shall give such early reasonable notice to the plaintiff as the situation reasonably permits so that she is not inconvenienced.
 7. While the plaintiff claims that he now pays the sum of $200.00 per week child support which exceeds the guidelines figures, his computation of support guidelines excludes income not shown on his financial affidavit which he in fact receives. The plaintiff shall pay to the defendant child support in the sum of $250 per week. The plaintiff shall have the exclusive right to claim the twins as a deduction for federal and state income tax purposes and the defendant shall have the exclusive right to so claim the youngest child.
 8. The defendant shall continue to maintain health insurance for the minor children at her place of employment. Unreimbursed medical expense shall be CT Page 7721 equally shared by the defendant and plaintiff.
 9. The plaintiff shall retain any motor vehicles registered in his name and the defendant shall retain any motor vehicles in her name. The plaintiff shall remove all loose automobile parts now on the Home Acres premises forthwith. The defendant shall return to the plaintiff a certain air compressor, and pictures of his own family, meaning parents and siblings and the defendant shall pick up these items not later than thirty days from the date this judgment becomes final. The remaining personal property, furnishings and furniture within the Home Acres dwelling shall hereafter be the sole and absolute property of the defendant.
 10. The plaintiff is awarded the sum of One Dollar ($1.00) per year, periodic alimony. No alimony is awarded to the defendant.
 11. The plaintiff has the insurance proceeds from the collision damage to the defendant's automobile. Within thirty days after this judgment becomes final, he shall either return that amount to her in cash or at his expense restore the damaged body of her automobile.
 12. The joint savings account at New Haven Savings Bank is awarded to the plaintiff. The court finds the source of these funds was a loan from the plaintiff's parents to provide a cash reserve for the plaintiff's auto body business.
 13. Each party is awarded his or her own retirement plans, 4O1Ks and individual retirement accounts. The plaintiff is to release any claim to the defendant's retirement plan with the Southern New England Telephone Company by signing the documentation which the company requires.
 14. Each party shall pay his or her own debts as listed on his or her respective financial affidavits and hold the other party harmless therefrom.
 15. The Court pursuant to Section 46b-81 assigns the plaintiff's interest in the family home located at 189 Home Acres Avenue, Milford, Connecticut to the CT Page 7722 defendant. The defendant is ordered to execute a second mortgage to the plaintiff in the amount of $15,000.00 without interest which shall be due upon demand on the day the parties' youngest child reaches age 19. This second mortgage shall be subordinate by its terms to any refinanced first mortgage placed on the premises so long as its face amount does not exceed $105,000.
 16. The defendant shall transfer to the plaintiff all of his right, title and interest in the plaintiff's business known as Route 25 Auto Collision Co. This is a one percent (1%) stock interest. This transfer shall be completed not later than thirty days from the date this decree becomes final.
It is adjudged that the marriage of the parties to this action be and it is hereby dissolved and they are each hereby declared to be single and unmarried.
Plaintiff's Counsel is ordered to file a judgment file with the Clerk of the Court within two weeks of the date of this Memorandum.
Flynn, J.